**DASS, INC., Appellant,**

v.

**Benjie SMITH d/b/a/ Oak Cliff Metals, Appellee.**

No. 05–06–00418–CV.

Court of Appeals of Texas, Dallas.

Nov. 7, 2006.

Mark Stromberg and Michael H. Myers, Stromberg & Associates, P.C., Dallas, for Appellant.

Robert Wiegand, Shawn M. McCaskill, Godwin, Pappas, Langley & Ronquillo, LLP, and J. Caleb Rawls, Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an accelerated interlocutory appeal in which Dass, Inc. complains of the trial court's order granting a temporary injunction enjoining it from evicting Falcon Transit, Inc. from real property located at 523 Pontiac Avenue in Dallas. Dass argues the trial court lacked jurisdiction to grant the injunction, Benjie Smith lacked standing to seek an injunction, and the trial court abused its discretion by granting the injunction. We affirm.

### BACKGROUND

Falcon Transit, a corporation owned by Benjie Smith, leased property located at 523 Pontiac Avenue in Dallas from Dass, a corporation owned by Steve McFalls, for thirty months beginning February 1, 1999 and expiring on or about August 1, 2001, for the operation of a scrap metal business called Oak Cliff Metals. The lease terms provided that when the lease expired, Falcon Transit would become a month-to-month tenant.

By letter dated October 26, 2005, Dass notified Falcon Transit it was terminating its lease and that Falcon Transit should vacate the property by December 1, 2005. On January 24, 2006, Smith filed this lawsuit seeking, among other things, a temporary injunction to prevent Dass from evicting Falcon Transit. Smith alleged that when the lease term expired in 2001, he purchased the property located at 523 Pontiac from McFalls and has the right to possession and title to the property.

At the temporary injunction hearing, Smith testified McFalls approached him when the lease expired in 2001 about buying the property and the equipment Smith had leased from Texas Industrial Recycling, a company also owned by McFalls. Smith agreed to purchase the property and the equipment. Smith introduced into evidence a document entitled "Pending Sale of Land," which was purportedly signed on August 31, 2001 by Smith and McFalls and purported to sell the property to Smith individually. Smith also introduced into evidence a canceled check dated August 2, 2001, from Smith to McFalls in the amount of $175,000, which Smith said was a down payment on the purchase price of the land and equipment. Smith testified the amount of the monthly payments due under the sale agreement was $1450 (down from $2000 per month under the lease). Smith introduced into evidence canceled checks from Oak Cliff Metals to Dass for $1450 or multiples thereof, which he testified fully paid, if not overpaid, the amount due under the sale agreement.

McFalls also testified at the hearing. He said he did not sign the "pending sale of land" agreement and that his signature was forged. He said Dass did not sell the property to Smith. He explained that Smith asked if he could purchase the equipment and if he could reduce his monthly lease payment for the property

from $2000 to $1450. McFalls agreed to sell him the equipment for $200,000 and testified the check for $175,000 was in partial payment of that purchase. He also agreed temporarily to accept a reduced lease payment of $1450.

After hearing the evidence, the trial court granted the temporary injunction. The order states:

> Defendants Steve McFalls, Texas Industrial Recycling Company and Dass, Inc. intend to evict and/or remove Benjie Smith and/or Falcon Transit, Inc. from the real property located at 523 Pontiac Avenue, Dallas, Texas before the Court can render judgment in this cause; that if Defendants carry out that intention, Benjie Smith will suffer loss or disruption of his business; and that unless Defendants are deterred from carrying out that intention, Plaintiff Benjie Smith will be without any adequate remedy at law, the loss or disruption of Plaintiff's business will be an irreparable harm, and Plaintiff and/or Falcon Transit, Inc. will be deprived of the use and enjoyment of the real property at 523 Pontiac Avenue, Dallas, Texas.

## DISCUSSION

### Jurisdiction

In its first issue, Dass argues the trial court lacked jurisdiction to issue a temporary injunction because exclusive jurisdiction in forcible detainer actions lies with the justice court. It argues the justice court is deprived of jurisdiction only if the right to immediate possession necessarily requires resolution of a title dispute, citing our opinion in *Rice v. Pinney*, 51 S.W.3d 705 (Tex.App.-Dallas 2001, no pet.), and that Smith offered no evidence to show he has any right to immediate possession of 523 Pontiac. Smith argues there is a dispute about who has the right to title to the property and, as a result,

jurisdiction properly lies in the district court. We agree.

The justice court has original jurisdiction of cases of forcible entry and detainer. TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon 2004); TEX. PROP. CODE ANN. § 24.004 (Vernon 2000); *Rice*, 51 S.W.3d at 708. The only issue to be decided in a forcible detainer action is which party has the right to immediate possession of the property. *See Rice*, 51 S.W.3d at 709. A forcible detainer action is dependent on proof of a landlord-tenant relationship. *Rice*, 51 S.W.3d at 712; *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.). Unless there is a landlord-tenant relationship, the justice court cannot determine the issue of immediate possession without also necessarily determining the owner of the property. *Rice*, 51 S.W.3d at 712–13. When the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *See* TEX. GOV'T CODE ANN. § 27.031(b)(4); *Rice*, 51 S.W.3d at 709; *Haith*, 596 S.W.2d at 196.

Dass argues that because the "pending sale of land" document is silent about the right to possess the property, the only document to support the right to possession is the commercial lease between Dass and Falcon Transit. Dass further argues that because the lease shows that only Dass has an immediate right to possession of the property, Dass should be allowed to file its forcible detainer action in justice court while Smith maintains a parallel proceeding in district court to resolve the title dispute. We disagree.

In *Rice*, we concluded a landlord-tenant relationship existed and that the landlord could pursue a forcible detainer action in

justice court while the tenant pursued a title dispute in district court. *See generally Rice*, 51 S.W.3d at 705–13; *see also Haith*, 596 S.W.2d at 197 (sales contract stated that landlord-tenant relationship formed when contract breached). But here, unlike in *Rice* and *Haith*, we have evidence the landlord-tenant relationship between Dass and Falcon Transit ended and a buyer-seller relationship between Dass and Smith began in 2001. Consequently, *Rice* and *Haith* are distinguishable from the facts of this case and do not control our decision.

Smith testified that when the lease expired in August 2001, McFalls agreed to sell the property and Smith agreed to buy it. Smith offered evidence that he made payments in consideration of that agreement. According to Smith, the relationship that existed with appellant after August 2001 was one of seller-buyer, not landlord-tenant. On the other hand, McFalls testified he did not agree to sell the property to Smith and claimed the signature on the sale agreement was forged. According to McFalls, there was no seller-buyer relationship but only a landlord-tenant relationship.

We conclude the determination of the right to immediate possession of the property necessarily requires a resolution of the title dispute and jurisdiction properly lies with the district court. *See Rice*, 51 S.W.3d at 712–13; *see also Guyer v. Rose*, 601 S.W.2d 205, 206 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.); *Am. Spiritualist Ass'n v. Ravkind*, 313 S.W.2d 121, 124 (Tex.Civ.App.-Dallas 1958, writ ref'd n.r.e.). We overrule appellant's first issue.

### Standing

■ In its second issue, Dass argues that Smith did not have standing to apply for a temporary injunction against Dass because Smith did not individually operate a business from the property and that Falcon Transit, the only party with standing, did not join in seeking the temporary injunction.

■ Generally, unless standing is conferred by statute, a plaintiff must demonstrate he possesses an interest in the controversy distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury. *Williams v. Lara*, 52 S.W.3d 171, 178–79 (Tex.2001). Standing limits a court's subject matter jurisdiction to those cases that involve a distinct injury to the plaintiff and a real controversy between the parties that will be decided by the suit. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). The plaintiff must show he has a "personal stake" in the dispute and his injury is "concrete and particularized." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). Because standing is a component of subject matter jurisdiction, we consider Smith's standing as we would a plea to the jurisdiction, construing the pleadings in favor of the plaintiff. *Id.* n. 3.

Dass argues any injury suffered as a result of Dass's eviction of Falcon Transit belongs solely to Falcon Transit and, because Smith individually has no basis to assert a right to possession of the property, he lacks standing to obtain a temporary injunction against Dass. Dass also argues Smith is not a party to the controversy that will be decided by the forcible detainer suit because Smith was not a party to the lease and no other document speaks to the right of possession of the property.

Construing the pleadings and evidence in favor of Smith, we assume, without deciding, that McFalls and Smith, after the lease between Dass and Falcon Transit expired, entered into an agreement for Smith's purchase of the property and that

Smith fully performed all of his obligations under the agreement. This evidence could support a reasonable inference that Smith has a right to possession of the property. *See Guyer,* 601 S.W.2d at 207 (buyer who fully performed under contract entitled to possession of property even though buyer did not yet have title to property). Additionally, Smith testified he earns his living from Falcon Transit's operation of Oak Cliff Metals and that eviction of Falcon Transit from the property would result in a loss and disruption of business. In summary, the evidence could support a reasonable inference that Falcon Transit was not Dass's tenant but, instead, was Smith's tenant and that Smith would suffer a distinct injury if Dass evicted Falcon Transit.

Under these facts, Smith alleged a distinct injury and a real controversy between the parties that will be resolved by the lawsuit. As a result, we conclude Smith had standing to seek an injunction against Dass to prevent Dass from evicting Falcon Transit. We overrule Dass's second issue.

### Temporary Injunction

■■■■ We now turn to Dass's third issue, whether the trial court abused its discretion by ordering a temporary injunction against Dass. The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002); *Elec. Data Sys. Corp. v. Powell,* 508 S.W.2d 137, 139 (Tex.Civ.App.-Dallas 1974, no writ). To establish a right to a temporary injunction, an applicant must show (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury for which there is no adequate remedy at law. *Butnaru,* 84 S.W.3d at 204; *Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Group, P.A.,* 190

S.W.3d 891, 896 (Tex.App.-Dallas 2006, no pet.); *Wilson N. Jones Mem'l Hosp. v. Huff,* 188 S.W.3d 215, 218 (Tex.App.-Dallas 2003, pet. denied). An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *Huff,* 188 S.W.3d at 218.

■■■■ We review a trial court's decision to grant or deny an application for a temporary injunction for abuse of discretion. *Butnaru,* 84 S.W.3d at 204; *Dallas Anesthesiology Assocs., P.A.,* 190 S.W.3d at 896. We do not substitute our judgment for that of the trial court, and we draw all legitimate inferences from the evidence in the light most favorable to the trial court's order. *Butnaru,* 84 S.W.3d at 211; *Dallas Anesthesiology Assocs., P.A.,* 190 S.W.3d at 896. We do not overrule a trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Butnaru,* 84 S.W.3d at 211.

Dass contends the trial court erred by finding that Smith will suffer imminent harm if the temporary injunction is not granted and that he has no adequate remedy at law. The trial court stated in its order that if the temporary injunction was not granted, "Plaintiff Benjie Smith will be without any adequate remedy at law, the loss or disruption of Plaintiff's business will be an irreparable harm, and Plaintiff and/or Falcon Transit, Inc. will be deprived of the use and enjoyment of the real property at 523 Pontiac Avenue, Dallas, Texas."

As it did with its standing argument, Dass argues the harm associated with the eviction of Falcon Transit belongs solely to Falcon Transit and not to Smith. It contends the loss or disruption of business will be to Falcon Transit's business, not a loss to Smith individually. Dass further contends Smith has an adequate remedy at law because he can maintain a title suit in

district court while Dass maintains its forcible detainer suit against Falcon Transit in justice court. It argues that Dass's desire to evict Falcon Transit from the property has nothing to do with Smith's claim to title to the property.

The evidence is undisputed that Smith owns Falcon Transit. The evidence is also undisputed that Falcon Transit has been in exclusive possession of 523 Pontiac since 1999 and has operated a scrap metal business under the name of Oak Cliff Metals from that location since 1999. Smith testified he makes his living in part from that business. He said if Falcon Transit was evicted from the property, it would interrupt his possession and enjoyment of the property. Smith testified that physically moving the business would take at least two to three months, additional time would be required to obtain the appropriate permits and certificates from the government to operate a scrap metal business in another location, and the business would suffer a loss of cash flow during the time required to relocate the business. Although the loss of cash flow would be Falcon Transit's loss, the trial court could have reasonably concluded that Smith established a probable distinct injury if Dass evicted Falcon Transit because the business is a source of Smith's personal income and that Smith proved a probable right that Falcon Transit was not Dass's tenant but, instead, was Smith's tenant.

We conclude the trial court did not abuse its discretion by concluding Smith established a probable right to the relief sought and probable irreparable harm for which he had no adequate remedy at law unless the temporary injunction was granted. We overrule Dass's third point.

We affirm the trial court's order.