NUMBER 13-08-00604-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


___________________________________________________________ 

 

JOHN O. ROBERTS, Appellant,


v.



SEAN LEEDY, Appellee.

____________________________________________________________


On appeal from the County Court at Law No. 1


of Hidalgo County, Texas.


____________________________________________________________


MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 John O. Roberts appeals from a summary judgment rendered against him in county
court in a forcible detainer action. Sean Leedy, appellee herein, has moved to dismiss this
appeal for want of jurisdiction. We dismiss the appeal.


I. Background


 Roberts filed a petition in the Justice of the Peace Court, Precinct No. 1, Place 2 of
Hidalgo County, Texas, seeking to evict Leedy from "the premises located at Progreso
Airport Hanger" on grounds that Leedy was in default on rental payments. Roberts won
the action in justice of the peace court, and Leedy appealed to County Court at Law No.
1 of Hidalgo County. 

 In county court, Leedy moved for summary judgment on jurisdictional grounds. 
According to the motion for summary judgment, Leedy was occupying the premises under
an oral lease with Diane M. Peterson when Roberts demanded that Leedy vacate the
property and instituted eviction proceedings. Roberts alleged that he had obtained title to
the property by purchase from Allan L. Peterson, Diane's husband. In contrast, Diane
testified under oath that: she leased the property to Leedy; she owned the property; the
property was her sole and separate property because she had acquired it as a gift from her
father; her husband had no authority to convey the property to Roberts; there was a title
dispute between Leedy and Roberts as to the ownership of the property; and she was
seeking to set aside the alleged conveyance of the property in a separate lawsuit, still
pending in a different cause in a separate district court proceeding. In short, Peterson's
testimony established that there was a dispute regarding title to the property. 

 The county court granted Leedy's motion for summary judgment, and this appeal
ensued. Leedy has now moved to dismiss the appeal on grounds that the property at issue
in this lawsuit is a commercial property, thus depriving the courts of jurisdiction over this
matter. More than ten days have passed since appellee's motion to dismiss was filed, and
appellant has not filed a response to the motion to dismiss. This matter is before us on the
documents filed to date, the motion to dismiss, and the clerk's record.

II. Forcible Entry and Detainer


 The forcible detainer action is the procedural vehicle by which the right to immediate
possession of real property is determined. (1) Ward v. Malone, 115 S.W.3d 267, 270 (Tex.
App.-Corpus Christi 2003, pet. denied). Such an action is intended to be a speedy and
inexpensive means for resolving the question of who is entitled to immediate possession
of property without resorting to an action upon title. Harrell v. Citizens Bank & Trust Co.,
296 S.W.3d 321, 325 (Tex. App.-Texarkana 2009, pet. dism'd); Falcon v. Ensignia, 976
S.W.2d 336, 338 (Tex. App.-Corpus Christi 1998, no pet.). The only issue in a forcible
detainer action is the right to actual possession of the premises. Marshall v. Hous. Auth.,
198 S.W.3d 782, 785-86 (Tex. 2006); see Tex. R. Civ. P. 746. In cases of forcible entry
or forcible detainer, the "merits of the title shall not be adjudicated." Tex. R. Civ. P. 746;
Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 434 (Tex. App.-Houston [1st Dist.]
2007, no pet.). 

 By statute, a justice court has jurisdiction over a forcible detainer action. See Tex.
Prop. Code Ann. § 24.004 (Vernon 2000). In keeping with the foregoing prohibition
against the adjudication of title in a forcible detainer action, a justice court is expressly
deprived of jurisdiction to determine or adjudicate title to land. See Tex. Gov't Code Ann.
§ 27.031(b)(4) (Vernon Supp. 2009). From justice court, a forcible detainer suit may be
appealed to the county court for a de novo review. See Tex. R. Civ. P. 749; Hong Kong
Dev., Inc., 229 S.W.3d at 433-34. The appellate jurisdiction of the county court is confined
to the jurisdictional limits of the justice court. Salaymeh v. Plaza Centro, LLC, 264 S.W.3d
431, 435 (Tex. App.-Houston [14th Dist.] 2008, no pet.); Hong Kong Dev., Inc., 229
S.W.3d at 434. Therefore, neither the justice court, nor a county court on appeal, can
resolve questions of title beyond the immediate right to possession. See Bacon v. Jordan,
763 S.W.2d 395, 396 (Tex. 1988).

 A forcible detainer action is cumulative, not exclusive, of other remedies a party may
have in the courts of this State, including a suit to try title. Salaymeh, 264 S.W.3d at
435-36; Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.-Dallas 2001, no pet.); see Scott
v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936). The displaced party is entitled
to bring a separate suit in the district court to determine questions of title. Salaymeh, 264
S.W.3d at 435-36. Accordingly, forcible detainer suits in justice court may run concurrently
with an action in another court even if the other action involves adjudication of matters that
could result in a different determination of possession from the decision rendered in the
forcible detainer suit. Id.; Hong Kong Dev., Inc., 229 S.W.3d at 437.

 To prevail in a forcible detainer action, a plaintiff is required only to show sufficient
evidence of ownership to demonstrate a superior right to immediate possession. Rice, 51
S.W.3d at 709. However, where the right to immediate possession necessarily requires
resolution of a title dispute, a justice court has no jurisdiction to enter a judgment. Id. 
Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title
dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to
determination of the right to immediate possession. See id.; cf. Dass, Inc. v. Smith, 206
S.W.3d 197, 200-01 (Tex. App.-Dallas 2006, no pet.) (holding that, where relationship
between parties was one of buyer-seller, determination of right to immediate possession
of property necessarily required resolution of title dispute).

 The claimed right of immediate possession as between Roberts, the alleged
purchaser of the property, and Leedy, who rented the property from Diane, the owner of
the property, depends on a resolution of the title dispute between Roberts and Diane. If
Roberts did not have title to the property, he did not have the right to evict Leedy. The
resolution of the title dispute is necessarily intertwined with the issue of possession, and
the determination of title to the subject property is the dispositive issue. See Dass, Inc.,
206 S.W.3d at 200-01. Therefore, both the justice and county courts lacked jurisdiction
to resolve the title dispute. 

 Moreover, as asserted by Leedy in his motion to dismiss, we have no jurisdiction to
consider the issue of possession in a forcible detainer action if the disputed premises were
used for commercial purposes. See Tex. Prop. Code Ann. § 24.007 (Vernon 2000) ("A
final judgment of a county court in an eviction suit may not be appealed on the issue of
possession unless the premises in question are being used for residential purposes only.");
Terra XXI, LTD. v. Ag Acceptance Corp., 280 S.W.3d 414, 416 (Tex. App.-Amarillo 2008,
pet. denied); Hong Kong Dev., Inc, 229 S.W.3d at 431-32; Volume Millwork, Inc. v. W.
Houston Airport Corp., 218 S.W.3d 722, 726-27 (Tex. App.-Houston [1st Dist.] 2006, pet.
denied); Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture, 957
S.W.2d 951, 952-53 (Tex. App.-Austin 1997, no pet.). The prohibition against considering
possession includes consideration of any finding that is essential to, dependent on, or
primarily concerned with the issue of possession. Hong Kong Dev., Inc., 229 S.W.3d at
431-432 (collecting authorities). 

 In support of his motion to dismiss, Leedy points to language in Roberts' petition for
eviction describing the premises as the "Progreso Airport Hangar in Progreso, Texas," the
affidavit from Diane referring to the property as "the airstrip property," the affidavit from
Leedy which states that he "planned to manufacture metal works on the property," and the
writ of attachment, which describes the property as the "Progreso airstrip . . . including the
Airstrip Hangar and surrounding area, adjacent storage bins contained within fenced area,
the Horse Pasture to the East of the Hangar, and the airstrip running south along the edge
of the drain ditch, but not including any farm land." 

 It is undisputed that the property at issue herein, which consists of an airstrip, an
airport hanger, storage bins, and related realty, was not used "for residential purposes
only." Tex. Prop. Code Ann. § 24.007; see Volume Millwork, Inc., 218 S.W.3d at 727
(holding that the court lacked jurisdiction over possession of an airport hangar or any
finding by the trial court that was essential to the issue of possession of the hangar). There
is no evidence in the record before us that the property was used "only" as a residence. 
See Tex. Prop. Code Ann. § 24.007. Consequently, this court does not have jurisdiction
of the appeal as it relates to the issue of possession. See Tex. Prop. Code Ann. § 24.007. 

III. Conclusion


 The Court, having examined and fully considered the documents on file, is of the
opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, we
GRANT Leedy's motion to dismiss, VACATE the judgments below, and DISMISS the
appeal for want of jurisdiction. 


 NELDA V. RODRIGUEZ

 Justice 

 

Delivered and filed the

3rd day of June, 2010. 

 
1. The cause of action for forcible entry and detainer and forcible detainer are distinct: the former is
appropriate when determining the right to immediate possession when the initial entry was unlawful or forcible
and the continued possession is unlawful, and the latter is appropriate when the initial entry was lawful but the
continued possession of the premises is unlawful. Compare Tex. Prop. Code Ann. § 24.001 (Vernon 2000)
("Forcible Entry and Detainer"), with id. § 24.002 (Vernon 2000) ("Forcible Detainer"); see Yarto v. Gilliland, 
287 S.W.3d 83, 87 n.3 (Tex. App.-Corpus Christi 2009, no pet.). In the present case, the action is one for
forcible detainer. However, for purposes of determining the jurisdiction of the lower courts in this case, the
difference between the two actions is not relevant. All we must determine is whether specific evidence of a
title dispute, requiring resolution before the immediate right to possession can be decided, was presented to
the lower courts. See id.; see also Hopes v. Buckeye Ret. Co., No. 13-07-00058, 2009 Tex. App. LEXIS 2244,
at **3-4 (Tex. App.-Corpus Christi Apr. 2, 2009, no pet.) (mem. op.).