

NUMBER 13-08-00604-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN O. ROBERTS,                                                        Appellant,

v.

SEAN LEEDY,                                                             Appellee.

**On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza[1]
Memorandum Opinion by Justice Rodriguez**

John O. Roberts appealed from a summary judgment rendered against him in

county court in a forcible detainer action. By opinion issued on June 3, 2010, this Court

issued an opinion and judgment dismissing the appeal. Currently pending before the

---

[1] The Honorable Linda Reyna Yañez, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2010, and she was replaced on panel by Chief Justice Rogelio Valdez in accordance with the appellate rules. *See* TEX. R. APP. P. 41.1(a).

Court is appellee, Sean Leedy's "Motion to Clarify Judgment." We grant appellee's motion to clarify judgment. We withdraw the opinion and judgment previously issued in this cause on June 3, 2010, and we substitute this opinion and judgment in their stead.

Sean Leedy, appellee herein, has moved to dismiss this appeal for want of jurisdiction. We dismiss the appeal.

## I. BACKGROUND

Roberts filed a petition in the Justice of the Peace Court, Precinct No. 1, Place 2 of Hidalgo County, Texas, seeking to evict Leedy from "the premises located at Progreso Airport Hanger" on grounds that Leedy was in default on rental payments. Roberts won the action in justice of the peace court, and Leedy appealed to County Court at Law No. 1 of Hidalgo County.

In county court, Leedy moved for summary judgment on jurisdictional grounds. According to the motion for summary judgment, Leedy was occupying the premises under an oral lease with Diane M. Peterson when Roberts demanded that Leedy vacate the property and instituted eviction proceedings. Roberts alleged that he had obtained title to the property by purchase from Allan L. Peterson, Diane's husband. In contrast, Diane testified under oath that: she leased the property to Leedy; she owned the property; the property was her sole and separate property because she had acquired it as a gift from her father; her husband had no authority to convey the property to Roberts; there was a title dispute between Leedy and Roberts as to the ownership of the property; and she was seeking to set aside the alleged conveyance of the property in a separate lawsuit, still pending in a different cause in a separate district court

2

proceeding. In short, Peterson's testimony established that there was a dispute regarding title to the property.

The county court at law granted Leedy's motion for summary judgment, and this appeal ensued. Leedy has now moved to dismiss the appeal on grounds that the property at issue in this lawsuit is a commercial property. More than ten days have passed since appellee's motion to dismiss was filed and appellant has not filed a response to the motion to dismiss. This matter is before us on the documents filed to date, the motion to dismiss, and the clerk's record.

## II. FORCIBLE ENTRY AND DETAINER

The forcible detainer action is the procedural vehicle by which the right to immediate possession of real property is determined.[2] *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.–Corpus Christi 2003, pet. denied). Such an action is intended to be a speedy and inexpensive means for resolving the question of who is entitled to immediate possession of property without resorting to an action upon title. *Harrell v. Citizens Bank & Trust Co.*, 296 S.W.3d 321, 325 (Tex. App.–Texarkana 2009, pet. dism'd); *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi 1998, no pet.). The only issue in a forcible detainer action is the right to actual possession of the

---

[2] The cause of action for forcible entry and detainer and forcible detainer are distinct: the former is appropriate when determining the right to immediate possession when the initial entry was unlawful or forcible and the continued possession is unlawful, and the latter is appropriate when the initial entry was lawful but the continued possession of the premises is unlawful. *Compare* TEX. PROP. CODE ANN. § 24.001 (Vernon 2000) ("Forcible Entry and Detainer"), *with id.* § 24.002 (Vernon 2000) ("Forcible Detainer"); *see Yarto v. Gilliland*, 287 S.W.3d 83, 87 n.3 (Tex. App.–Corpus Christi 2009, no pet.). In the present case, the action is one for forcible detainer. However, for purposes of determining the jurisdiction of the lower courts in this case, the difference between the two actions is not relevant. All we must determine is whether specific evidence of a title dispute, requiring resolution before the immediate right to possession can be decided, was presented to the lower courts. *See id.*; *see also Hopes v. Buckeye Ret. Co.*, No. 13-07-00058, 2009 Tex. App. LEXIS 2244, at **3-4 (Tex. App.–Corpus Christi Apr. 2, 2009, no pet.) (mem. op.).

3

premises.  *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 785-86 (Tex. 2006); *see* TEX. R. CIV. P. 746.  In cases of forcible entry or forcible detainer, the "merits of the title shall not be adjudicated."  TEX. R. CIV. P. 746; *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

By statute, a justice court has jurisdiction over a forcible detainer action.  *See* TEX. PROP. CODE ANN. § 24.004 (Vernon 2000).  In keeping with the foregoing prohibition against the adjudication of title in a forcible detainer action, a justice court is expressly deprived of jurisdiction to determine or adjudicate title to land.  *See* TEX. GOV'T CODE Ann. § 27.031(b)(4) (Vernon Supp. 2009).  From justice court, a forcible detainer suit may be appealed to the county court for a de novo review.  *See* TEX. R. CIV. P. 749; *Hong Kong Dev., Inc.*, 229 S.W.3d at 433-34.  The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court.  *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.–Houston [14 Dist.] 2008, no pet.); *Hong Kong*, 229 S.W.3d at 434.  Therefore, neither the justice court, nor a county court on appeal, can resolve questions of title beyond the immediate right to possession.  *See* *Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988).

A forcible detainer action is cumulative, not exclusive, of other remedies a party may have in the courts of this State, including a suit to try title.  *Salaymeh*, 264 S.W.3d at 435-36; *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.--Dallas 2001, no pet.); *see* *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936).  The displaced party is entitled to bring a separate suit in the district court to determine questions of title.  *Salaymeh*, 264 S.W.3d at 435-36.  Accordingly, forcible detainer suits in justice court may run concurrently with an action in another court even if the other action involves

4

adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit. *Id.*; *Hong Kong Dev., Inc.*, 229 S.W.3d at 437.

To prevail in a forcible detainer action, a plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice*, 51 S.W.3d at 709. However, where the right to immediate possession necessarily requires resolution of a title dispute, a justice court has no jurisdiction to enter a judgment. *Id.* Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *See id.*; *cf. Dass, Inc. v. Smith*, 206 S.W.3d 197, 200-01 (Tex. App.–Dallas 2006, no pet.)(holding that, where relationship between parties was one of buyer-seller, determination of right to immediate possession of property necessarily required resolution of title dispute).

The claimed right as to immediate possession as between Roberts, the alleged purchaser of the property, and Leedy, who rented the property from Diane, the owner of the property, depends on a resolution of the title dispute as between Roberts and Diane. If Roberts did not have title to the property, he did not have the right to evict Leedy. The resolution of the title dispute is necessarily intertwined with the issue of possession , and the determination of title to the subject property is the dispositive issue. Therefore, both the justice and county courts lacked jurisdiction to resolve the title dispute.

Moreover, as asserted by Leedy in his motion to dismiss, we have no jurisdiction to consider the issue of possession in a forcible detainer action if the disputed premises

5

were used for commercial purposes. *See* TEX. PROP. CODE ANN. § 24.007 (Vernon 2000) ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only."); *Terra XXI, LTD. v. Ag Acceptance Corp.*, 280 S.W.3d 414, 416 (Tex. App. Amarillo 2008, pet. denied); *Hong Kong Dev., Inc*, 229 S.W.3d at 431-32; *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 726-27 (Tex. App.–Houston [1st Dist.] 2006, pet. denied); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 952-53 (Tex. App.–Austin 1997, no pet.). The prohibition against considering possession includes consideration of any finding that is essential to, dependent on, or primarily concerned with the issue of possession. *Hong Kong Dev., Inc.*, 229 S.W.3d at 431-432 (collecting authorities).

In support of his motion to dismiss, Leedy points to language in Robert's petition for eviction describing the premises as the "Progreso Airport Hangar in Progreso, Texas," the affidavit from Diane referring to the property as "the airstrip property," the affidavit from Leedy which states that he "planned to manufacture metal works on the property," and the writ of attachment, which describes the property as "Progreso airstrip . . . including the Airstrip Hangar and surrounding area, adjacent storage bins contained within fenced area, the Horse Pasture to the East of the Hangar, and the airstrip running south along the edge of the drain ditch, but not including any farm land."

It is undisputed that the property at issue herein was not used for residential purposes only. Consequently, this court does not have jurisdiction of the appeal as it relates to the issue of possession. *See* TEX. PROP. CODE ANN. § 24.007.

### III. CONCLUSION

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, we GRANT Leedy's motion to dismiss and DISMISS the appeal for want of jurisdiction. We GRANT the Honorable Charles Starling's motion to withdraw as attorney of record. We DENY the motion to expedite issuance of mandate.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
14th day of April, 2011.

7