Opinion issued April 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00546-CV

———————————

JErry A. Weatherbee, Jr. and Teresa Weatherbee and/or all occupants, Appellants

V.

GMAC Mortgage, LLC, Appellee



 



 

On Appeal from the County Civil Court at Law No. 3  

Harris County, Texas



Trial Court Case No. 993346

 



 

MEMORANDUM OPINION

GMAC Mortgage, LLC brought a forcible
detainer action in justice court seeking possession of property located at
18010 Dunoon Bay Point Court Cypress, Texas.[1]  The justice court entered a judgment in favor
of GMAC and against the property’s occupants, Jerry Weatherbee Jr. and Teresa
Weatherbee.  On de novo review, the County
Civil Court of Law Number 3 awarded GMAC a writ of possession.  

On appeal, appellants, the Weatherbees,
argue that the trial court erred in admitting documents authenticated by a business
records affidavit and that the evidence was insufficient to support the county
court’s writ of possession in favor of GMAC because there was no evidence that
GMAC gave the Weatherbees written notice to vacate at least three days before
filing the detainer action as required under Texas Property Code section
24.005.  See Prop. Code
Ann. 
§ 24.005 (West Supp. 2011).  The Weatherbees also contend that the
county court lacked jurisdiction to issue a writ of possession because evidence
of a title dispute was presented at trial. 
We affirm.  

Background

          On November 21, 2006, the Weatherbees signed a deed of
trust to secure payment of the Texas Home Equity note they executed to purchase
the property.  The deed of trust provided
the proper method for the trustee to invoke the power of sale in the event of
foreclosure.  In addition, section 22
provided that in the event of a foreclosure sale, the borrowers would surrender
possession of the property. 
Specifically, section 22 provided: 

If the
Property is sold pursuant to this Paragraph 22, Borrower or any person holding
possession of the Property through Borrower shall immediately surrender
possession of the Property to the purchaser at that sale.  If possession is not surrendered, Borrower or
such person shall be a tenant at sufferance and may be removed by writ of
possession or other court proceeding. 

 

The Weatherbees defaulted on the note
and the property was sold to GMAC at a non-judicial foreclosure sale on
February 2, 2010.  On February 23, 2011, GMAC
sent the Weatherbees a written notice to vacate.  The notice informed the Weatherbees that GMAC
had acquired title to the property at a foreclosure sale and that any occupants
were tenants at sufferance pursuant to the original deed of trust. Teresa Weatherbee
signed the certified mail return receipt confirmation on February 25,
2011.  

On March 15, 2011, GMAC filed a
forcible detainer action against the Weatherbees.  The justice court entered an agreed judgment
of possession on April 12, 2011.  The
Weatherbees appealed the judgment to the County Court at Law Number 3.  At the bench trial in that court, GMAC
entered three documents into evidence: (1) a copy of the notarized Substitute
Trustee’s Deed, (2) a certified copy of the Deed of Trust, and (3) a business
records affidavit authenticating the February 23, 2011 notice to vacate and a photocopy
of the certified mail return receipt confirmation signed by Teresa
Weatherbee.  At the conclusion of the
trial, the county court entered judgment that GMAC was entitled to possession.   

On appeal, the Weatherbees challenge
the sufficiency of the evidence to support the judgment and the admissibility
of evidence authenticated by what the Weatherbees argue was an untimely filed
business records affidavit.  They also
raise a jurisdictional argument within their sufficiency challenge.  Specifically, the Weatherbees contend that
because they offered evidence of a title dispute to the trial court, it lacked
jurisdiction to address the issue of immediate possession.  

Subject Matter Jurisdiction

A. Standard of Review

Whether a court has subject-matter
jurisdiction is a question of law, subject to de novo review.  Tex. Dep’t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  Subject-matter jurisdiction may be raised for
the first time on appeal.  Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 445 (Tex. 1993).

B. Applicable Law

The sole issue to be determined in a
forcible detainer action is the entitlement to actual and immediate possession,
and the merits of the title shall not be adjudicated.  Hong
Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Dass, Inc. v. Smith, 206 S.W.3d 197, 200
(Tex. App.—Dallas 2006, no pet.).  A justice court in the precinct in which real
property is located has jurisdiction over a forcible detainer suit but is
expressly deprived of jurisdiction to determine or adjudicate title to land.  See Tex. Prop. Code Ann. § 24.004 (West
2000); Tex. Gov’t Code Ann. §
27.031(a)(2),(b)(4) (West Supp. 2011).  A
forcible detainer suit may be appealed to the county court, in which trial is
de novo.  Tex. R. Civ. P. 749; Hong
Kong, 229 S.W.3d at 
433–34.  A county court’s appellate
jurisdiction is confined to the limits of the justice court.  Hong
Kong, 229 S.W.3d at 433–34.  Thus, a
county court that conducts a de novo review of a forcible detainer action is
restricted to the jurisdictional limits that existed in the justice court,
regardless of other statutory grants of jurisdiction to the county court.  Black
v. Washington Mut. Bank, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism’d
w.o.j.).

The justice court, and a county court
on appeal, lack jurisdiction to resolve any questions of title beyond the
immediate right to possession but a justice court is not deprived of
jurisdiction merely by the existence of a title dispute.  See Rice
v. Pinney, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.).  Rather, it is only deprived of jurisdiction if
the right to immediate possession necessarily requires the resolution of a
title dispute.  Id.  Courts have specifically
addressed whether a justice court has jurisdiction over a forcible detainer
suit where the case also involves a dispute over a trustee’s deed conveying
property purchased at a foreclosure sale.  Courts have explained:

[A]
judgment of possession in a forcible detainer action is a determination only of
the right to immediate possession of the premises, and does not determine the
ultimate rights of the parties to any other issue in controversy relating to
the realty in question. . . . [Parties] have the right to sue in the district
court to determine whether the trustee’s deed should be cancelled, independent
of [the] award of possession of the premises in the forcible detainer action
[.]

 

Id. at 710 (quoting Martinez v. Beasley, 572 S.W.2d 83, 85 (Tex. Civ. 
App.—Corpus
Christi 1978, no writ)) (emphasis in original).  “To prevail in a forcible detainer action, a
plaintiff is not required to prove title, but is only required to show
sufficient evidence of ownership to demonstrate a superior right to immediate
possession.”  Id. at 709.  In Rice, the Dallas Court of Appeals held that
where a deed of trust established a landlord and tenant at sufferance
relationship between the purchaser at the foreclosure sale and the previous
owners or those holding under them, there was an “independent basis on which
the trial court could determine the issue of immediate possession without
resolving the issue of title to the property.”  Id.
at 712.

C. Analysis

The Weatherbees contend that because
they presented evidence of a genuine title dispute, the county court lacked
jurisdiction to hear the forcible detainer action.  We disagree. 
The Weatherbees’ status as tenants at sufferance constituted an
independent basis from which the county court could grant GMAC a right to
possession without considering the issue of title.  In rendering its judgment the county court had
before it the November 2006 Deed of Trust wherein the Weatherbees, as grantors,
conveyed the property to a trustee.  The Deed
of Trust expressly provided that the Weatherbees would become tenants at
sufferance in the event of a foreclosure and sale of the property.  Also before the court was a February 2010
substitute trustee’s foreclosure sale deed explaining the Weatherbees defaulted
on the note, that there was a foreclosure pursuant to the deed of trust, and there
was a sale of the property to GMAC.  Based
on this evidence, it was not necessary for the county court to determine the
issue of title to the property, and it made no such determination in awarding
GMAC possession.  We conclude that the
county court had jurisdiction to hear the forcible detainer action.  See
Black, 318 S.W.3d at 418 (by
considering deed of trust, substitute trustee’s foreclosure sale deed and related
documents establishing appellant’s default on note, notice of eviction,
foreclosure pursuant to deed of trust, and sale to appellee, county court could
determine right to possession through tenant at sufferance status); Ebert v. Day, No. 03-04-00264-CV, 2004
WL 2814322, at *2 (Tex. App.—Austin Dec. 9, 2004, no pet.) (evidence
sufficient to establish tenant at sufferance relationship when deed of trust
stated that upon foreclosure and sale appellants would become tenants at
sufferance and record contained signed, notarized substitute trustee deed explaining
appellant’s default, foreclosure, and sale).

Admission of Business Record

In their second point
of error, the Weatherbees contend that the trial court erred in admitting
exhibit three, which included (1) the February 23, 2011 written notice to
vacate sent by GMAC to “Jerry Weatherbee Jr. and/or current occupants,” (2) a photocopy
of a certified mail return receipt signed by Teresa Weatherbee on February 25,
2011, and (3) a business records affidavit authenticating both documents.  Specifically, the Weatherbees argue that
exhibit three was inadmissible because GMAC did not give them proper notice of
the filing of the business records affidavit. 
See Tex. R. Evid. 902 (10).

A.  
Standard
of Review

An appellate court
reviews a trial court’s decision to admit or exclude evidence under an abuse of
discretion standard.  Simien v. Unifund CCR Partners, 321 S.W.3d 235, 239 (Tex. App.—Houston
[1st Dist.] 2010, no pet.).  “An abuse of
discretion occurs when the trial court acts without reference to guiding rules
or principles or acts arbitrarily or unreasonably.”  Id.  An appellate court must uphold the trial
court’s evidentiary ruling if there is a legitimate basis for it.
Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).  

 

B.  
Analysis

To comply with Rule of
Evidence 902(10), a party must file with the court a business records affidavit
and the records it accompanies at least fourteen days before trial commences and
give the parties prompt notice of the filing of such records and affidavit.  Tex.
R. Evid. 902(10).  The Weatherbees
contend that the affidavit and accompanying records were inadmissible because the
Weatherbees did not receive notice of their filing until three days before
trial. 

To preserve error for
appeal, the complaining party must make a timely and specific objection to the
evidence and obtain a ruling.  Tex. R. App. P. 33.1(a); Bay Area Healthcare Grp., Ltd. v. McShane,
239 S.W.3d 231, 235(Tex. 2007) (per curiam); see also Austin v. Weems,
337 S.W.3d 415, 421 (Tex. App.—Houston [1st Dist.] 2011, no pet.); Schwartz v. Forest Pharm., Inc., 127
S.W.3d 118, 123 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (failure to
object in timely and specific manner during trial results in waiver of right to
complain on appeal about the admission of evidence).  When a party specifically states that it has “no
objection” to the admission of evidence it waives any complaint about the
admissibility of the evidence.  Texas Dept. of Transp. v. Pate, 170
S.W.3d 840, 850 (Tex. App.—Texarkana
2005, pet. denied) (“When a party affirmatively asserts during trial that he or
she has “no objection” to the admission of the complained-of evidence, any
error in the admission of the evidence is 
waived . . . .”).  When GMAC offered
exhibit three the Weatherbees affirmatively stated that they had “no objection”
to its admission.  Thus they have failed
to preserve this issue for our review.  See id.; see also Austin, 337 S.W.3d at 425. 

We overrule the
Weatherbees’ second point of error.

Sufficiency of the Evidence 

          In
their first point of error, the Weatherbees contend that the evidence is
insufficient to support the trial court’s judgment granting possession to GMAC
because there is no evidence that GMAC complied with the forcible detainer
notice requirements under Texas Property Code section 24.005.  See Tex. Prop. Code Ann. §§
24.002(b), 24.005 (West
2000).

A.  
Standard of Review

A no-evidence challenge requires this court to review all
evidence in the light most favorable to the verdict, crediting favorable
evidence if a reasonable fact finder could, and disregarding contrary evidence
unless a reasonable fact finder could not.  City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  In a bench trial, the trial court is the
finder of fact and may take into consideration all the facts and surrounding
circumstances in connection with the testimony of each witness and accept or
reject all or any part of that testimony.  Merry
Homes, Inc. v. Chi Hung Luu, 312 S.W.3d 938 (Tex. App.—Houston [1st Dist.]
2010, no pet.).  If more than a scintilla
of evidence exists in the record to support the finding, then the no evidence
challenge fails.  See Tarrant Regional Water Dist. v. Gragg, 151 S.W.3d 546, 552
(Tex. 2004).  A scintilla of evidence is
evidence so weak that it creates no more than a surmise or suspicion of the
existence of the fact sought to be proven.  See Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004) (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61,
63 (Tex. 1983)).

B.  
Applicable Law 

Under Texas Property Code section
24.005, the landlord must give a tenant at sufferance at least three days’
written notice to vacate before the landlord files a forcible detainer action.  See
Tex. Prop. Code Ann.
§ 24.005(b).  The notice to vacate shall
be given in person or by mail at the premises in question.  Id. at 
§ 24.005(f).  Notice by mail may be “by regular
mail, by registered mail, or by certified mail, return receipt requested, to
the premises in question.”  Id.  The notice period is calculated from the day
on which the notice was delivered.  Id. at

§ 24.005(g).

C.  
Analysis 

The Weatherbees argue that because there
was no evidence that GMAC provided them with a notice to vacate that met the
requirements of Texas Property Code section 24.005, the evidence was
insufficient for the trial court to find GMAC was entitled to possession.  We disagree. 
The trial court admitted GMAC’s exhibit three, which included a business
records affidavit authenticating a February 23, 2011 notice to vacate.  The notice was from GMAC and addressed to
“Jerry A. Weatherbee and/or all current occupants.”  The same affidavit authenticated a certified
mail receipt, which was also admitted as part of exhibit three, and bore the
signature of Teresa Weatherbee and date of February 25, 2011.  GMAC filed the forcible detainer action on March
15, 2011, after affording the Weatherbees more than the three day notice required
by section 24.005(b).  Tex.
Prop. Code Ann. § 24.005(b).  We conclude there was more than a scintilla of evidence from
which the trial court could have concluded that GMAC provided the Weatherbees
with notice to vacate as required by section 24.005.  See Tex. Prop. Code Ann. §
24.005.  

We overrule the Weatherbees’ first
issue.  

Conclusion

          We affirm the judgment of
the county court at law. 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.

 











[1]
          The Weatherbees’ style on appeal
shows the action is against Washington Mutual Bank, Mortgage Association but
the County Court of Law action was brought by GMAC Mortgage, LLC.