**AFFIRM; Opinion issued April 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00726-CV

**KENNETH HENNING, Appellant**

V.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. CC-12-01881-D

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

In this forcible detainer case, Kenneth Henning appeals the trial court's judgment in favor of Federal National Mortgage Association. In a single issue, Henning claims the trial court lacked jurisdiction because the determination of title was at issue. We affirm.

Henning signed a promissory note secured by a deed of trust for the property located at 10409 Huffines Drive in Rowlett. In the event Henning defaulted on the note, the deed provided the lender with remedies, including the power of sale by foreclosure. The deed also provided:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Henning defaulted on the note, and, on February 7, 2012, FNMA caused the sale of the property at a nonjudicial foreclosure sale at which FNMA was the high bidder. On February 23, 2012, FNMA sent Henning a notice by both certified mail and first-class mail demanding Henning vacate the property within three days. When Henning did not do so, FNMA filed a forcible detainer proceeding in the justice court. After the justice court granted default judgment awarding possession to FNMA, Henning appealed to the county court at law where Henning filed his answer and a plea in abatement, or alternatively, motion to dismiss, alleging the county court had no jurisdiction because Henning filed a separate suit challenging FNMA's ownership of the property. The county court at law disagreed, and rendered judgment in favor of FNMA. This appeal followed.

As he did below, Henning challenges the trial court's jurisdiction over this case. Specifically, Henning claims both the justice court and county court at law lacked jurisdiction because this was a suit over title to land.

In a forcible detainer proceeding, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746; *see Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.). It is cumulative—not exclusive—of other remedies that a party may have in the courts of this state. *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App. —Dallas 2011, pet. denied). A party may bring a separate lawsuit in the district court to determine a title dispute; however, a title dispute does not deprive a justice court or county court at law of jurisdiction unless determining who has the right to immediate possession necessarily requires resolution of the title dispute. *Id*. To prevail in a forcible detainer action, a plaintiff is only required to show sufficient evidence of

2

ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App. —Dallas 2001, no pet.).

Here, FNMA established (1) it bought the property by virtue of a substitute trustee deed after the foreclosure sale, (2) Henning became a tenant at sufferance when the property was sold at foreclosure sale under the terms of the deed of trust, (3) FNMA gave proper notice to Henning requiring him to vacate the premises, and (4) Henning refused to vacate the premises. *See* TEX. PROP. CODE ANN. § 24.002 (West 2000); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568-69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.). Despite Henning's claims to the contrary, it was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to FNMA. Accordingly, we conclude the trial court had subject matter jurisdiction in this case. We overrule Henning's sole issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

120726F.P05

3



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH HENNING, Appellant

No. 05-12-00726-CV          V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-12-01881-D.
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FEDERAL NATIONAL MORTGAGE ASSOCIATION recover its costs of this appeal from appellant KENNETH HENNING.

Judgment entered April 19, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE