Mohammad **SALAYMEH** d/b/a
**Muebleria Y Bazar Tier-
rablanca**, Appellant,

v.

**PLAZA CENTRO, LLC,** Appellee.

Mohammad Salaymeh d/b/a Rainbow
Seafood, Appellant

v.

Plaza Centro, LLC, Appellee.

Nos. 14–06–01101–CV, 14–07–00394–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 26, 2008.

Robert A. Plessala, for Tierrablanca Muebleria Y Bazar and Rainbow Seafood

Robert Eldridge Bone, for Plaza Centro, LLC.

Panel consists of Justices FOWLER, SEYMORE and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

We are presented with consolidated appeals in two forcible detainer suits. Appellee, Plaza Centro, LLC, is owner of the property. During the relevant period of time, the property was purportedly occupied by appellant, Mohammad Salaymeh, who operated two businesses identified as Muebleria Y Bazar Tierrablanca and Rainbow Seafood. Plaza Centro named Mohammed Salaymeh d/b/a Muebleria Y Bazar Tierrablanca ["Tierrablanca"] and Mohammad Salaymeh d/b/a Rainbow Seafood ["Rainbow Seafood"] as defendants, respectively, in two forcible detainer suits.[1] The trial court rendered judgment in each suit, awarding possession of the premises and lost rents to Plaza Centro. Appellant challenges only those portions of the judgments awarding lost rents. In three issues, appellant contends (1) the trial court lacked subject-matter jurisdiction over these suits, (2) the evidence is legally insufficient to support the awards of lost rents, and (3) the trial court applied an incorrect accrual date when awarding lost rents.

We conclude the evidence is legally insufficient to support the awards of lost rents. Accordingly, we modify the judgment against Tierrablanca to delete the award of lost rents in the amount of $34,200.00 and affirm as modified. We modify the judgment against Rainbow Seafood to delete the award of lost rents in the amount of $22,799.43 and affirm as modified.

## I. BACKGROUND

In an unrelated suit, a default judgment was rendered against appellant's brother,

the former owner of the commercial property at issue. The court authorized a receiver to sell the property. By special warranty deed dated November 16, 2005, the receiver conveyed the property to Plaza Centro.

On February 28, 2006, Plaza Centro sent identical letters to Tierrablanca and Rainbow Seafood. In the letters, Plaza Centro expressed its understanding that Tierrablanca and Rainbow Seafood were occupying the property without a written lease. Plaza Centro considered Tierrablanca and Rainbow Seafood to be occupying the property as tenant-at-will or tenant-by-sufferance. The entities were instructed that, to the extent they were paying rent, they were now to forward all rental payments to Plaza Centro's address.

Neither entity paid rent to Plaza Centro for the month of March 2006. On March 14, 2006, Plaza Centro again sent identical letters to Tierrablanca and Rainbow Seafood. Plaza Centro notified the entities that Plaza Centro was terminating their tenancies and right to possession of the premises, effective March 19, 2006. Plaza Centro further demanded that the entities vacate the premises within three days. On April 26, 2006, Plaza Centro filed separate forcible detainer suits against Tierrablanca and Rainbow Seafood in the Justice Court of Harris County. Plaza Centro sought possession of the property, unpaid rent, unspecified damages, and attorney's fees. The Justice Court awarded possession, attorney's fees, and costs to Plaza Centro.

Appellant timely appealed to the Harris County Court at Law Number Two. The Honorable Gary Michael Block conducted one trial de novo for both suits. On September 6, 2006, the trial court rendered

---

1. We will refer to Salaymeh as "appellant" with respect to both suits, except where nec-essary to separately identify the parties.

two separate judgments. Relative to Tierrablanca, the court awarded possession to Plaza Centro,$34,200.00 for unpaid rent, interest, costs, and attorney's fees. Relative to Rainbow Seafood, the court awarded possession to Plaza Centro, $22,799.43 for unpaid rent, interest, costs, and attorney's fees. The trial court filed findings of fact and conclusions of law in each suit.

Appellant does not contest the portions of the judgments awarding possession of the property to Plaza Centro. *See* Tex. Prop.Code Ann. § 24.007 (Vernon 2000). ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only.") Appellant challenges only those portions of the trial court's judgments awarding lost rents.

## II. SUBJECT-MATTER JURISDICTION

■ In his first issue, appellant contends the trial court lacked subject-matter jurisdiction over both suits. Subject-matter jurisdiction is fundamental and may be raised for the first time on appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993). Subject-matter jurisdiction is a question of law, subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004).

■ A justice court in the precinct in which real property is located has jurisdiction over a forcible detainer suit. *See* Tex. Prop.Code Ann. § 24.004 (Vernon 2000); Tex. Gov't Code Ann. § 27.031(a)(2) (Vernon 2007 & Supp.2008). However, a justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. *See* Tex. Gov't Code Ann. § 27.031(b) (Vernon 2007 & Supp.2008). The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court. *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex.App.-Dallas 2001, no pet.); *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex.App.-Houston [14th Dist.] 1993, no writ). Accordingly, notwithstanding the grant of general jurisdiction to a county court, it has no jurisdiction to adjudicate title to real property in a de novo trial on appeal of a forcible detainer suit from justice court. *Rice*, 51 S.W.3d at 708–09.

■ The only issue in an action for forcible detainer is the right to actual and immediate possession; the merits of title are not adjudicated. Tex.R. Civ. P. 746; *Haginas v. Malbis Mem. Found.*, 163 Tex. 274, 277, 354 S.W.2d 368, 371 (1962); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex.App.-Houston [1st Dist.] 2007, no pet.). To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice*, 51 S.W.3d at 709. However, where the right to immediate possession necessarily requires resolution of a title dispute, a justice court has no jurisdiction to enter a judgment. *Id.* Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *See id.*; *cf. Dass, Inc. v. Smith*, 206 S.W.3d 197, 200–01 (Tex.App.-Dallas 2006, no pet.) (holding that, where relationship between parties was one of buyer-seller, rather than lessor-lessee, determination of right to immediate possession of property necessarily required resolution of title dispute and jurisdiction lay in district court).

■■ It has been long settled in Texas jurisprudence that a forcible detainer action is not exclusive. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936).

Forcible detainer actions are cumulative of any other remedy that a party may have in the courts of this state. *Id.* The displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Id.* Forcible detainer suits in justice court may run concurrently with an action in another court—even if the other action involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit. *Hong Kong Dev., Inc.,* 229 S.W.3d at 437.

Appellant contends the trial court did not have jurisdiction because the justice court lacked jurisdiction over the underlying suits. As appellant notes, the receiver conveyed the property to Plaza Centro by special warranty deed on November 16, 2005—before Plaza Centro filed these forcible detainer suits. However, sale of the property was not confirmed by the court until August 2, 2006—after the justice court rendered judgment. Appellant cites authority recognizing that a receiver's sale of property is not valid until it is confirmed by the receivership court. *See Baumgarten v. Frost,* 143 Tex. 533, 539, 186 S.W.2d 982, 986 (Tex.1945). Therefore, appellant asserts that the justice court lacked jurisdiction because Plaza Centro obtained title to the property at issue after proceedings in the justice court were concluded.

■ However, we hold the justice court was not required to resolve issues of title to determine the parties' rights to immediate possession of the property. Here, Plaza Centro presented a duly executed and recorded special warranty deed reflecting conveyance of the premises to Plaza Cen-

tro, and Plaza Centro asserted that appellant was occupying the premises as a tenant-at-will or a tenant-at-sufferance and held over following a written demand to vacate the premises. This alleged landlord-tenant relationship presented an independent basis on which the trial court could determine the right to immediate possession without resolving underlying title issues. *See e.g., Rice,* 51 S.W.3d at 712. Accordingly, the justice court had subject-matter jurisdiction to determine whether Plaza Centro or appellant had superior right to immediate possession of the property. Because the justice court had subject-matter jurisdiction over the underlying forcible detainer suits, the county court had subject-matter jurisdiction over the appeal. *See id.* at 708–09. If we were to hold otherwise—that a justice court is deprived of jurisdiction when a party merely challenges validity of title—we would ignore the long-established procedure for parallel resolution of immediate possession and title issues. *See id.* at 711. Appellant's first issue is overruled.

## III. LEGAL SUFFICIENCY

In his second issue, appellant contends the evidence is legally insufficient to support the trial court's awards of lost rents.[2] Specifically, appellant contends Plaza Centro failed to prove (1) appellant occupied the premises or (2) the amount of lost rents.

### A. Standard of Review

Findings of fact in a bench trial have the same force and dignity as a jury verdict. *Haas v. Ashford Hollow Cmty. Improve-*

---

2. In his stated issue, appellant asserts only that the evidence is legally insufficient to support the lost-rents awards. At one point in his argument, appellant contends the evidence is both legally and factually insufficient to support the awards. However, appellant

did not present any controverting evidence at trial, and his entire argument is based on the contention that there is no evidence supporting the awards. Accordingly, we construe his issue as a legal-sufficiency challenge.

*ment Ass'n,* 209 S.W.3d 875, 887 (Tex. App.-Houston [14th Dist.] 2007, no pet.). If the findings are challenged, we review sufficiency of the evidence supporting the findings by applying the same standards that we use to review the legal sufficiency of the evidence supporting jury findings. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). As a reviewing court, we are bound by any unchallenged findings of fact unless the contrary is established as a matter of law or the finding is not supported by any evidence. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986).

▮ The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). When examining a legal sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *Id.* We credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Id.* So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the factfinder. *Id.* at 822.

## B. Forcible Detainer

▮ An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to regain possession of property. *Marshall v. Hous. Auth. of City of San Antonio,* 198 S.W.3d 782, 787 (Tex.

2006). Under the Property Code, a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: wilfully and without force holds-over after termination of the right of possession; or is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease. *See* Tex. Prop.Code Ann. § 24.002(a) (Vernon 2000).

▮ Here, the trial court awarded lost rents pursuant to Texas Rule of Civil Procedure 752, which provides in pertinent part:

> On the trial of the cause in the county court the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal. Damages may include but are not limited to loss of rentals during the pendency of the appeal . . .

Tex.R. Civ. P. 752.[3] To support an award of lost rents under rule 752, the plaintiff must prove the defendant occupied the leased premises during the pendency of the appeal. *See Powell v. Mel Powers Inv. Builder,* 590 S.W.2d 837, 839 (Tex.App.-Houston [14th Dist.] 1979, no writ) (holding evidence was insufficient to support trial court's award of lost rents under Rule 752 because no evidence showed tenant occupied premises during pendency of appeal).

▮ Appellant argues there is no evidence in the record that he was withholding or defending possession of the

---

**3.** A justice court may award lost rents when such a request is joined with a forcible detainer suit, if the amount thereof is within the jurisdiction of the justice court. Tex.R. Civ. P. 738. However, in this case, the justice court did not award lost rents. Plaza Centro did not appeal the justice court's judgment to the county court and did not raise issues regarding the justice court's refusal, if any, to award lost rents. Appellant is the only party who appealed the judgment of the justice court. Accordingly, Rule 752 was the only basis on which the county court was permitted to award lost rents. *See* Tex.R. Civ. P. 752.

premises because there is no evidence he occupied the premises during the pendency of the appeal.[4] In contrast, Plaza Centro contends the evidence is legally sufficient to prove appellant occupied the premises because (1) Plaza Centro mailed letters to the entities at the address of the premises on February 28, 2006 and March 14, 2006 and appellant personally signed for one March 14 letter, (2) Giorgio Lofti, Plaza Centro's representative, testified that appellant did not vacate the premises, and (3) appellant believed he was entitled to occupy and was defending his right to possession of the premises. However, we conclude this evidence is insufficient to establish appellant occupied the premises during the pendency of the appeal.

### 1. February 28 and March 14 Letters

On February 28, 2006, Plaza Centro mailed letters to the entities at the address of the premises informing them that it had purchased the property and instructing them to make rental payments to Plaza Centro. On March 14, 2006, Plaza Centro again sent identical letters to the entities at the address of the premises giving notice regarding termination of their tenancies and exercise of Plaza Centro's right to possession. Appellant personally acknowledged receipt of one of the March 14 letters. As Plaza Centro notes, a finding of occupation will stand if the evidence allows the fact-finder to reasonably infer the tenant occupied the property for a period of time. *Clark v. Whitehead*, 874 S.W.2d 282, 285 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Further, proof of continuous use of the property is not required. *Id.*

However, we must distinguish between an award of rent by a justice court in a forcible detainer suit under Rule 738 and an award by a county court for lost rents accruing during pendency of an appeal under Rule 752. As stated above, a justice court may award lost rents to a property owner when such a request is joined with a forcible detainer suit and the amount is within the jurisdiction of the justice court. Tex.R. Civ. P. 738. However, in this case, the justice court did not award lost rents, and Rule 752 provided the only basis for the county court to award lost rents. Rule 752 specifically allows the owner to *plead, prove and recover* its lost rents due to the defendant's withholding possession *"during the pendency of the appeal."* Tex.R. Civ. P. 752 (emphasis added). It is axiomatic that the owner must prove it incurred these lost rents due to the defendant's possession of the property after judgment was rendered in the justice court. *See id.*; *Powell*, 590 S.W.2d at 839. Accordingly, Plaza Centro's proof that appellant was sent, and signed for, letters at the premises *before* suit was filed in the justice court is insufficient, without more, to establish appellant's occupation of the premises *after* judgment was rendered in the justice court.

### 2. Giorgio Lofti's Testimony

Giorgio Lofti, a member of Plaza Centro and its representative at trial, was the only person to testify at trial. Plaza Centro argues that Lofti's uncontroverted testimony that appellant did not vacate the premises is sufficient to support the trial

---

4. Generally, an appellant challenging legal sufficiency of the evidence presented in a non-jury trial must challenge specific findings of fact. *See Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Further, if the trial court's findings of fact are not challenged by a point of error on appeal, they are binding upon the

appellate court. *See McGalliard*, 722 S.W.2d at 696. However, the trial court made no explicit finding that appellant occupied the premises during the pendency of the appeal. Nevertheless, the trial court implicitly found occupation because it awarded lost rents. In his brief, appellant argues there is no evidence to support this implicit finding.

court's awards of lost rents. However, after reviewing the evidence in the light most favorable to the verdict, we cannot conclude Lofti's testimony established appellant occupied the premises during the pendency of the appeal. Although Plaza Centro correctly notes Lofti testified that appellant did not vacate the premises, Lofti also testified that he had not been on the property, did not know whether the premises had been occupied since Plaza Centro purchased the property, and did not know whether Tierrablanca or Rainbow Seafood were ever open for business. Additionally, Lofti was unaware of anyone living on the premises. A bare conclusion with no basis in fact cannot support a judgment even when no objection was made to the statements at trial. *See Cas. Underwriters v. Rhone,* 134 Tex. 50, 53–54, 132 S.W.2d 97, 99 (Tex. Comm'n App.1939, judgm't adopted) (holding that "bare conclusions" did not "amount to any evidence at all," and "the fact that they were admitted without objection adds nothing to their probative force."); *see also* Tex R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"); *Mar. Overseas Corp. v. Ellis,* 971 S.W.2d 402, 418 (Tex.1998) (providing generally that incompetent testimony will not support a judgment).

Accordingly, because Lofti did not know whether Tierrablanca or Rainbow Seafood had been open for business or whether anybody occupied the premises, his assertion that appellant did not vacate the premises is nothing but a bare conclusion without any factual basis and does not prove occupation. *See Cas. Underwriters,* 132 S.W.2d at 99. Therefore, we cannot conclude that Lofti's testimony would enable reasonable and fair-minded people to reach the conclusion that appellant occupied the premises during the pendency of the appeal.

### 3. Appellant's Defense of Right to Possession

Finally, Plaza Centro argues that the evidence is legally sufficient to support a finding of occupancy because appellant believed he had possessory rights to the premises and was defending his right to possession. Although its argument is somewhat unclear, Plaza Centro seems to assert that appellant made a judicial admission of occupancy by defending his right to possession, thus relieving Plaza Centro of its burden of proof. *See Hennigan v. I.P. Petroleum Co.,* 858 S.W.2d 371, 372 (Tex.1993). A judicial admission is a formal waiver of proof, usually found in pleadings or stipulations of the parties. *Id.* However, to constitute a judicial admission and bar the admitting party from later disputing the admitted fact, the admission must be clear and unequivocal. *See Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 568 (Tex.2001).

Plaza Centro cites three statements by appellant's counsel made during trial that purportedly constituted judicial admissions of occupation:

- a statement that appellant was disputing Plaza Centro's right to possession
- statements that Plaza Centro was attempting to terminate appellant's right to possession for failure to pay rent in compliance with the February 28 letter
- a question to Lofti: "[Plaza Centro] filed suit—against both of the pieces of property possessed by my client with a forcible detainer, right?"

However, appellant did not admit to occupying the property during the pendency of the appeal in any of the cited statements. Further, throughout trial, appellant contested Plaza Centro's claims that

appellant was occupying the premises. Accordingly, we cannot conclude the cited statements are so clear and unequivocal as to constitute judicial admissions of occupancy, and the statements do not relieve Plaza Centro of its burden to prove occupancy to recover lost rents. *See Wolf*, 44 S.W.3d at 568.

After reviewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally insufficient to prove appellant occupied the premises during the pendency of the appeal. Therefore, the trial court erred by awarding lost rents. We sustain appellant's second issue.[5]

Accordingly, we modify the judgment against appellant, Mohammed Salaymeh d/b/a Muebleria Y Bazar Tierrablanca, to delete the award of lost rents in the amount of $34,200.00 and affirm as modified. We modify the judgment against appellant, Mohammad Salaymeh d/b/a Rainbow Seafood, to delete the award of lost rents in the amount of $22,799.43 and affirm as modified.

---

5. Having sustained appellant's second issue regarding occupancy, appellant's remaining issues are rendered moot.