

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00312-CV

---

JAMES ALLEN MCGUIRE APPELLANT

V.

FANNIE MAE A/K/A FEDERAL APPELLEE
NATIONAL MORTGAGE
ASSOCIATION

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

James Allen McGuire, pro se, appeals the county court's award of possession of 902 Rusk Drive, Euless, Texas to Fannie Mae a/k/a Federal National Mortgage Association. We will affirm the county court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

In 1995, McGuire purchased the Rusk Drive residence and executed a deed of trust encumbering the property in favor of First Preference Mortgage. When McGuire failed to make his mortgage payments, First Preference's successor-in-interest Wells Fargo sold the property to Fannie Mae at a nonjudicial foreclosure sale. Fannie Mae then filed a petition for forcible detainer in the justice of the peace court. A trial was held and the court rendered judgment in favor of Fannie Mae.

McGuire appealed to the county court, which tried the case de novo. *See* Tex. R. Civ. P. 749, 751. At trial, Fannie Mae submitted the deed of trust, the substitute trustee's deed showing that Fannie Mae acquired the property at a foreclosure sale on April 5, 2011, and the notice to McGuire to vacate. McGuire objected to the substitute trustee's deed on the grounds that Fannie Mae had not perfected its chain of title and that he was concurrently contesting legal title in a separate action in our court. The county court admitted the substitute trustee's deed over McGuire's objection. The county court then rendered judgment in favor of Fannie Mae. McGuire now appeals to this court.

## Forcible Detainer

In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession, and the merits of whether a party has title shall not be determined. *See* Tex. R. Civ. P. 746; *Black v. Wash. Mut. Bank*, 318 S.W.3d

2

414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Thus, questions over whether a sale of property encumbered by a deed of trust is invalid "must be brought in a separate suit." *Williams*, 315 S.W.3d at 927; *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice*, 51 S.W.3d at 709. A court may determine which party has a superior right to possession without determining title when a landlord-tenant relationship exists between the parties. *Id.* at 712. The existence of the landlord-tenant relationship provides a basis for determining the right to possession without resolving the issue of who owns the property. *See Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that in a forcible detainer action, a landlord-tenant relationship presents "an independent basis on which the trial court [can] determine the right to immediate possession without resolving underlying title issues"); *Brown v. Kula-Amos, Inc.*, No. 02-04-00032-CV, 2005 WL 675563, at *3 (Tex. App.—Fort Worth 2005, no pet.) (mem. op.) (noting that a forcible detainer action based on contract for deed depends upon landlord-tenant relationship and that contract for deed may provide for party to become tenant at sufferance upon default).

**Discussion**

On appeal, McGuire argues that the county court was without jurisdiction to hear the case for two reasons. First, McGuire claims that Fannie Mae does not have standing because the substitute trustee's deed is "ineligible and unlawful." He argues that the deed of trust "clearly shows that [he] was the equitable owner of title," and because he did not convey title to Fannie Mae, Fannie Mae's substitute trustee's deed "should be considered a 'wild deed' without force."

The deed of trust that Fannie Mae submitted at trial shows that McGuire granted First Preference a lien on the property to secure payment of a note and includes a provision that if McGuire defaulted on the note and the property was sold at a foreclosure sale, McGuire would become a tenant at sufferance. This kind of provision in a deed of trust is generally sufficient to establish a landlord-tenant relationship between the mortgagor and the purchaser of the property at a foreclosure sale. *See Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818 (1936). As stated above, such a relationship provides a basis for determining the right to possession without resolving the issue of who owns the property. *See Salaymeh*, 264 S.W.3d at 436.

Fannie Mae submitted a substitute trustee's deed showing that it purchased the property from First Preference's successor-in-interest Wells Fargo at a foreclosure sale on April 5, 2011. Fannie Mae's status as grantee under the substitute trustee's deed is sufficient to confer standing on Fannie Mae to assert

4

a forcible detainer action regarding the property. *See Morris v. Am. Home Mortg. Servicing, Inc.*, No. 01-09-00768-CV, 2011 WL 1631762, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (overruling appellant's standing argument when appellee demonstrated a landlord-tenant relationship through substitute trustee's deed). The landlord-tenant relationship between Fannie Mae and McGuire, established by the substitute trustee's deed, provided the basis for the trial court's finding of Fannie Mae's superior right to possession. *See id.*; *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (holding that the bank demonstrated its right to possession of property because tenant-at-sufferance relationship existed).

Second, McGuire argues that he was contesting legal title in a separate action and until title was resolved, the trial court could not award possession. The existence of a title dispute will not deprive a justice court of jurisdiction in a forcible detainer action unless the right to possession cannot be determined without resolving the title issue. *Rice*, 51 S.W.3d at 713. Thus, McGuire was required to demonstrate that the title dispute prevented the county court from determining right to possession, depriving it of jurisdiction over the action. *See Mortg. Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (holding that the county court did not have jurisdiction over a forcible detainer action when defendant properly disputed title by submitting deeds showing that

plaintiff had conveyed ownership of the property to another party after acquiring it at the foreclosure sale).

McGuire argues that documents attached to his reply brief on appeal demonstrate that Wells Fargo had previously assigned the deed of trust to another party and thus, could not have later assigned it to Fannie Mae. McGuire's argument challenges the validity of title. Fannie Mae was not required to demonstrate valid title in order to demonstrate superior right of possession. *Rice*, 51 S.W.3d at 709. As stated above, Fannie Mae established superior right of possession through its submission of the deed of trust, the substitute trustee's deed, and the notice to McGuire to vacate. Further, the other action McGuire references was a challenge to the assignment of the lien from First Preference to Wells Fargo. *See In re A Purported Lien or Claim Against James McGuire*, No. 02-11-00140-CV, 2012 WL 254066, at *1 (Tex. App.—Fort Worth Jan. 26, 2012, no pet. h.) (mem. op.).[2] McGuire's attempt to dispute title is unlike the defendant's attempt in *Young* because in *Young*, the defendant presented evidence of a conveyance after the plaintiff had purchased the property, thereby demonstrating that the plaintiff no longer had an interest in the property. *See Young*, 2009 WL 1564994, at *3–5. McGuire challenges a conveyance that

---

[2]McGuire challenged the validity of the assignment under government code section 51.903. *See* Tex. Gov. Code Ann. § 51.903 (West. Supp. 2011). We held that section 51.903 does not apply to assignments and, thus, McGuire could not rely on it to challenge the assignment. *McGuire*, 2012 WL 254066, at *1.

occurred before Fannie Mae purchased the property. McGuire does not dispute that Fannie Mae purchased the property or that Fannie Mae has retained its alleged interest in the property; he disputes, in essence, only whether the seller had the authority to sell the property to Fannie Mae in the first place. To the extent that McGuire complains of defects in the foreclosure process, he may pursue that complaint in district court, but it may not be considered in this action. *See Shutter*, 318 S.W.3d at 471; *Williams*, 315 S.W.3d at 927 (citing *Scott*, 127 Tex. at 35, 90 S.W.2d at 818–19).

We hold that the county court was able to determine Fannie Mae's right to immediate possession of the property at trial, and it did not err in granting possession of the property to Fannie Mae. We overrule McGuire's issues.

## Conclusion

Having overruled all of McGuire's issues, we affirm the county court's judgment. Because we affirm the county court's judgment, we deny Fannie Mae's motion to strike appellant's response brief as moot.


LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DELIVERED: March 22, 2012

7