**Affirmed and Memorandum Opinion filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00927-CV

---

### KIMBERLY WOODFORK, Appellant

### V.

### BANK OF AMERICA, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1018590**

---

## M E M O R A N D U M   O P I N I O N

Kimberly Woodfork appeals the trial court's judgment in favor of Bank of America, N.A. on its forcible detainer action against Woodfork.  We affirm.

### BACKGROUND

Woodfork executed a deed of trust on April 10, 2007, conveying property located at 12815 Blue Timbers Court, Houston, Texas to Bank of America to secure payment of a promissory note.  The note required monthly payments and

contained an acceleration clause which provided that if Woodfork failed to pay in full any monthly payment prior to or on the due date of the next monthly payment, then the entire indebtedness would become immediately due and payable. The deed of trust provided:

> If the Property is sold pursuant to a [foreclosure sale], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession.

Woodfork defaulted in payment of the note, and Bank of America accelerated the loan. Woodfork alleges that she defaulted on the note because the note was usurious. Specifically, she asserts that her loan payments went from $1,285.50 a month to $2,000 a month. She also contends that "the evidence shows that the borrower paid in excess of legal rate of 10% annum for the use of money in the year of 1966 and for six month period in each of the year of 1967 and 1968."[1]

The property was purchased at a foreclosure sale by Bank of America on April 6, 2010. A substitute trustee's deed reflecting the sale was executed on that date. On March 29, 2012, a notice letter was sent to Woodfork demanding that she vacate the property within ninety days. Woodfork failed to vacate the property, and Bank of America filed a forcible detainer action against Woodfork in justice of the peace court on July 5, 2012, for possession of the property.

The justice court ruled in favor of Bank of America on July 25, 2012, awarding it possession of the property. Woodfork appealed the justice court's judgment to the county court. The county court signed a judgment on September

---

[1] Bank of America denies that the underlying loan was usurious. Bank of America contends that it could not have charged usurious interest during 1966-1968 because the mortgage loan at issue was not executed until 2007.

24, 2012, in favor of Bank of America for possession, $19,548 in attorney's fees, all court costs, and post-judgment interest at the rate of five percent. This appeal followed.

## ANALYSIS

In two issues on appeal, Woodfork argues that the county court abused its discretion. First, Woodfork contends that the county court erred by failing to address whether acceleration of the promissory note was proper. Second, Woodfork claims that the county court erred by failing to consider whether the loan was usurious.

### I.    Governing Law

Jurisdiction to hear a forcible detainer action is expressly given to justice courts, and on appeal, to county courts for trial *de novo*. Tex. Prop. Code Ann. § 24.004 (Vernon Supp. 2012); *Bittinger v. Wells Fargo, N.A.*, No. 14-10-00698-CV, 2011 WL 4793828, at *1 (Tex. App.—Houston [14th Dist.] Oct. 11, 2011, no pet.) (mem. op.). A tenant at will or by sufferance commits a forcible detainer by refusing to surrender possession of real property on demand. Tex. Prop Code § 24.002(a)(2) (Vernon 2013).

An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Garcia v. Galvan*, Nos. 14-11-00338-CV & 14-11-00350-CV, 2012 WL 1606312, at *4 (Tex. App.—Houston [14th Dist.] May 8, 2012, pet. dism'd w.o.j.) (mem. op.) (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)). Judgment of possession in a forcible detainer action does not determine whether the eviction is wrongful; rather, it determines the right to immediate possession. *Id.* Texas Rule of Civil Procedure 746 highlights the action's limited purpose,

3

providing that "the only issue in a forcible detainer action is the right to actual possession of the premises." Tex. R. Civ. P. 746[2]; *see also Marshall*, 198 S.W.3d at 785; *Bittinger*, 2011 WL 4793828, at \*1.

A forcible detainer action is cumulative, not exclusive, of other remedies. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). Thus, a forcible detainer suit in justice court may be brought concurrently with a proceeding in a different court even if the proceeding may result in a different outcome than the forcible detainer suit. *Salaymeh*, 264 S.W.3d at 346; *Trotter v. Bank of New York Mellon*, No. 14-12-00431-CV, 2013 WL 1928776, at \*2 (Tex. App.—Houston [14th Dist.] May 9, 2013, no pet.) (mem. op.).

## II. Right to Possession

To prevail in a forcible detainer action, a plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession; but a plaintiff is not required to prove that he holds title to the property. *Salaymeh*, 264 S.W.3d at 435. For instance, a deed of trust may establish a landlord-tenant relationship between the buyer at a foreclosure sale and the current inhabitants of the property. *See Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). If a landlord-tenant relationship is formed, the buyer has a superior right to possession. *Id.* Although issues may exist as to the validity of the mortgage and the quality of the buyer's title, the court hearing the forcible detainer action is authorized to decide which of the parties is entitled to immediate right of possession. *Trotter*, 2013 WL 1928776 at \*2.

---

[2] Effective August 31, 2013, the Texas Supreme Court repealed Rule 746. Rule 746 applies to civil cases in which the notice of appeal was filed before August 31, 2013. *See* Texas Supreme Court Order dated April 15, 2013, Misc. Docket No. 13-9049.

Here, the deed from the substitute trustee following the foreclosure sale established Bank of America's ownership of the property. Further, the deed of trust created a landlord-tenant relationship between Bank of America and Woodfork. This landlord-tenant relationship provided a basis for the county court to determine that Bank of America had the right to immediate possession without resolving whether the underlying note that was secured by the deed of trust was usurious or whether the lender's acceleration of amounts owing under the note was proper. *See Villalon*, 176 S.W.3d at 70. Woodfork's claims of usury and improper acceleration of the underlying note are unrelated to the issue of possession. Woodfork failed to offer any evidence at trial on the issue of possession. Thus, we hold that the county court properly refused to dismiss the forcible detainer action.

We overrule Woodfork's first and second issues.

## Conclusion

We affirm the trial court's judgment.


/s/         William J. Boyce
Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.