**Affirmed and Memorandum Opinion filed July 1, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00585-CV

### DENNIS D. SHAVER, Appellant

### V.

### WELLS FARGO BANK, NA AS TRUSTEE FOR NCMT 2008-1, Appellee

**On Appeal from the County Court at Law
Waller County, Texas
Trial Court Cause No. C12-102**

## M E M O R A N D U M   O P I N I O N

In this forcible-entry-and-detainer action, the appellant argues that the judgment of the county court at law must be reversed because there is a title dispute that must be resolved before the issue of possession can be addressed. We conclude, however, that because the appellant is a tenant at sufferance, the lower court was authorized to determine which party had the superior right of possession. Because the appellant's remaining arguments concern matters that were not tried in

these proceedings, we do not address them, but affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Wells Fargo Bank, NA, as trustee for NCMT 2008-1, brought this forcible-entry-and-detainer action in a justice-of-the-peace court to obtain possession of a residence from appellant Dennis D. Shaver and all other occupants. The court ruled in Shaver's favor, and Wells Fargo appealed the judgment to the county court at law. At the trial de novo, Wells Fargo presented evidence of the following:

- National City Mortgage was named as the lender in the deed of trust when Shaver and his wife purchased the property in 2007;

- the deed contains a "tenant-at-sufferance" clause, which provides that if the property is sold at a foreclosure sale and the borrower fails to immediately surrender possession to the purchaser, then the "[b]orrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding";

- National City Mortgage purchased the property at the foreclosure sale in November 2009;

- a division of National City Mortgage's successor by merger conveyed the property to Wells Fargo by special warranty deed on May 20, 2010;

- Wells Fargo notified Shaver, his wife, and all other tenants or occupants to vacate the property in March 2012.

The county court at law rendered judgment in Wells Fargo's favor, and Shaver appealed.

## II. ANALYSIS

In most of Shaver's arguments, he asserts that there is a pending title dispute, and thus, the lower courts erred in deciding the issue of the right to possession of the property before the title dispute was resolved. We understand these arguments to be directed to the lower courts' jurisdiction, because the justice

2

court of the precinct where the property is located has jurisdiction over forcible-entry-and-detainer suits, and its judgment may be appealed to the county court at law for trial de novo. *See* TEX. PROP. CODE ANN. § 24.004 (West Supp. 2013); TEX. R. CIV. P. 749, 733–34 S.W.2d [Tex. Cases] lxxxi (repealed 2013; now see TEX. R. CIV. P. 510.9). The justice court does not have jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2013). Thus, the justice court does not have original jurisdiction, and the county court at law does not have appellate jurisdiction, over a forcible-entry-and-detainer action if there is a title dispute that is "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.).

**A.    The title dispute is not so intertwined with the issue of possession that it was required to be decided first.**

Shaver argues that the lower courts lacked jurisdiction over this action because National City Mortgage had no authority to commence the foreclosure sale, and "the issue of possession cannot be decided until the owner of the note and deed is identified and authenticated." We disagree.

To obtain the right of possession through a forcible-detainer action, the plaintiff is not required to prove title, but need only supply sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Glapion v. AH4R I TX, LLC*, No. 14-13-00705-CV, 2014 WL 2158161, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2014, no. pet. h.) (mem. op.) (citing *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Shaver's argument has been presented to this court many times, and we repeatedly have held that where the deed contains a tenant-at-sufferance clause such as the one here, the issue of possession is not intertwined with the issue of title, and the right to immediate possession can be decided regardless of whether

3

there is an outstanding title dispute.[1]  We accordingly overrule these issues.[2]

## B.     We cannot consider arguments based on evidence that is not part of the appellate record.

Shaver further contends that he "commenced a private administrative remedy . . . by and through an officer of the court, a Notary Public," and refers us to copies of correspondence he attached to his brief.  He argues that National City Mortgage's failure to respond to his correspondence creates a genuine issue of title that must be decided before possession.  We do not address the legal effect of Shaver's letters to a non-party while this appeal has been pending, because the correspondence itself is not part of the appellate record.  *See Ramex Constr. Co. v. Tamcon Servs. Inc.*, 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (op. on reh'g).  We overrule this issue.[3]

## C.     Shaver was not entitled to findings of fact and conclusions of law on an issue that was not tried.

Shaver also argues that he was prejudiced by the trial court's failure to

---

[1] *See, e.g.*, *id.*; *Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *3–4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.); *Woodfork v. Bank of Am.*, No. 14-12-00927-CV, 2013 WL 5637751, at *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op.); *Maxwell v. US Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.); *Trotter v. Bank of N.Y. Mellon*, No. 14-12-00431-CV, 2013 WL 1928776, at *3 (Tex. App.—Houston [14th Dist.] May 9, 2013, no pet.) (mem. op.); *Fashakin v. Fed. Home Loan Mortg. Corp.*, No. 14-11-01079-CV, 2013 WL 1316694, at *1 (Tex. App.—Houston [14th Dist.] Apr. 2, 2013, pet. denied) (mem. op.); *Bittinger v. Wells Fargo, N.A.*, No. 14-10-00698-CV, 2011 WL 4793828, at *2 (Tex. App.—Houston [14th Dist.] Oct. 11, 2011, no pet.) (mem. op.); *Modelist v. Deutsche Bank Nat'l Trust Co.*, No. 14-09-00134-CV, 2010 WL 3002099, at *3 (Tex. App.—Houston [14th Dist.] Aug. 3, 2010, pet. dism'd w.o.j.) (mem. op.); *Heard v. Mingyi Chowwang*, No. 14-09-00100-CV, 2010 WL 2103942, at *2 (Tex. App.—Houston [14th Dist.] May 27, 2010, pet. dism'd) (mem. op.); *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417–18 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd w.o.j.); *Salaymeh*, 264 S.W.3d at 436.

[2] These are Shaver's fourth and sixth issues.

[3] This is his third issue.

4

address his arguments about title to the property by making the findings of fact and conclusions of law that he requested. Shaver was not entitled to such findings, because the issue of title was not tried in this forcible-entry-and-detainer action. Indeed, Shaver's attorney stated in the court below that he would address that issue later in district court, and elsewhere in his brief, Shaver represents that the issue of title has since been tried in federal court. Thus, we overrule this issue.[4]

### D. We cannot consider Shaver's arguments based on an affirmative defense that was not raised in the county court at law.

Shaver's remaining argument turns on his assertion that a promissory note is the same as money, and thus, one can pay a debt by tendering a promissory note. Citing section 3.311 of the Business and Commerce Code, Shaver asserts that at the closing when he purchased the house, he extinguished the mortgage debt by tendering a promissory note as payment in full, and he therefore is entitled to a release of all liens on the property.

We cannot consider these arguments. As can be seen from the section of the Uniform Commercial Code on which he relies, Shaver is attempting to raise the affirmative defense of accord and satisfaction. *See* TEX. BUS. & COM. CODE ANN. § 3.311 (West 2002) (entitled "Accord and Satisfaction by Use of Instrument"); TEX. R. CIV. P. 94 (providing that accord and satisfaction is an affirmative defense). An affirmative defense cannot be raised on appeal if it was not raised in the trial court. *See MAN Engines & Components, Inc. v. Shows*, No. 12-0490, 2014 WL 2535963, at *3 (Tex. June 6, 2014). Because accord and satisfaction was not raised in Shaver's pleading or tried by consent, we cannot consider this defense on appeal. We overrule these issues.[5]

---

[4] This is Shaver's fifth issue.

[5] These are Shaver's first and second issues.

### III. CONCLUSION

Having overruled each of the issues presented, we affirm the judgment.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and McCally.