

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00711-CV

John **DEVILBISS**,
Appellant

v.

Marjorie **BURCH**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2016CV04843
Honorable Tommy Stolhandske, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  May 30, 2018

VACATED IN PART AND AFFIRMED IN PART

John Devilbiss appeals the trial court's judgment in a forcible detainer action granting Marjorie Burch possession of a condominium unit located in San Antonio, Texas. We vacate the judgment in part and affirm in part.

Devilbiss and his wife leased a condominium owned by Marjorie Burch.[1] The lease agreement expired November 1, 2015, and then became a month-to-month lease. On May 15, 2016, notice was given to the Devilbisses that rent would be increased beginning on July 1, 2016.

---

[1] Only Devilbiss's wife and Burch signed the lease agreement.

When the Devilbisses refused to pay the increased amount, Burch filed a forcible detainer action against them in the justice court. Devilbiss's wife voluntarily vacated the condominium. After the justice court found in favor of Burch, Devilbiss appealed the justice court's judgment to the county court at law. On October 11, 2016, the county court at law ordered that Burch recover possession from Devilbiss of the property described in the petition. On October 20, 2016, the county court at law heard Devilbiss's motion to modify, correct, or reform the judgment and denied the motion. On October 28, 2016, the county court at law heard another motion for new trial filed by Devilbiss and a motion for sanctions filed by Burch. The trial court denied Devilbiss's motion for new trial, and granted Burch's motion for sanctions, ordering Devilbiss pay Burch $787.50 in attorney's fees. Devilbiss then filed a notice of appeal.

On appeal, Devilbiss brings ten issues.[2] In response, Burch filed a motion to dismiss, arguing that because Devilbiss has vacated the premises, his appeal is now moot. We agree nine of Devilbiss's issues are moot because Devilbiss vacated the condominium in question on November 10, 2016. However, one of Devilbiss's issues, which concerns whether the trial court erred in ordering sanctions against him, is not moot.

A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); *see* TEX. PROP. CODE ANN. §§ 24.001-.011 (West 2014 & Supp. 2017). Judgment of

---

[2]The ten issues listed by Devilbiss are the following: (1) whether the petition for eviction was "self-contradicting" and was filed prematurely; (2) whether the petition for eviction was filed prematurely in violation of section 91.011 of the Texas Property Code; (3) whether the trial court's order requiring Devilbiss to pay sanctions to Burch should be set aside; (4) whether the trial court "erred in ignoring" Devilbiss's "pre-trial special exception . . . to the fact that the condominium Owner had not properly identified on the lease . . . in violation of sections 92.201(a)(1) and section 92.201(b)(3) Disclosure of Ownership and Management of the Texas Property Code"; (5) whether Devilbiss was denied due process in JP Court; (6) whether the trial court erred in denying Devilbiss's motion for continuance; (7) was the forcible detainer suit brought against Devilbiss in retaliation; (8) was the lease valid; and (9) whether the lease was binding on Devilbiss. In his tenth issue, Devilbiss brings an "issue of court procedure," inquiring into the nature of the de novo trial held before the county court at law.

possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather it is a determination of the right to immediate possession. *Marshall*, 198 S.W.3d at 787. Thus, the only issue in an action for forcible detainer is the right to actual and immediate possession. *See id.*; *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 437 (Tex. App.—Houston [14th Dist.] 2008, no pet.). When a tenant gives up possession of the property in question, his appeal from the judgment of eviction is moot unless he timely and clearly expresses an intent to exercise the right of appeal and appellate relief is not futile. *Marshall*, 198 S.W.3d at 787. Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to *current, actual possession* of the [property]." *Id.* (emphasis added). However, when a tenant's lease expires and the tenant presents no basis for claiming a right to possession after the date the lease expired, there is no longer a live controversy between the parties "as to the right of current possession." *Id.* If there is no live controversy between the parties at the time the appeal is to be decided, the appeal is moot. *Id.*

Here, Devilbiss timely filed his notice of appeal before he vacated the premises, giving a clear expression of an intent to appeal. However, any appellate relief regarding the right to current possession is futile. The lease governing the premises has expired. Devilbiss presents no basis for claiming a right to possession after expiration of the lease. *See Marshall*, 198 S.W.3d at 787. Nine of his ten issues either relate to possession or whether his eviction was wrongful, which is not an issue to be determined in a forcible detainer action. *See id.* (explaining a judgment of possession in a forcible detainer action is not intended to be a determination of whether an eviction was wrongful, but rather a determination of the right to immediate possession). We conclude that nine of the appellate issues brought by Devilbiss are therefore moot; no controversy currently exists between the parties with regard to possession of the condominium.

Further, because the issue of possession is moot, we must vacate the trial court's judgment of possession. *See id.* at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *see also id.* at 788 (explaining that "[o]ne purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded").[3]

With regard to Devilbiss's issue regarding the granting of sanctions, that issue is not moot. Issues on appeal not dependent on the trial court's possession determination are reviewable on appeal. *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at \*2 (Tex. App.—San Antonio 2007, no pet.). For example, an issue relating to a claim for unpaid rent, which the Texas Rules of Civil Procedure specifically allow to be brought with a forcible detainer action, may be reviewed on appeal. *Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at \*3 (Tex. App.—San Antonio 2010, no pet.). Similarly, an award of attorney's fees and costs are independent of possession and may be reviewed on appeal. *See De La Garza*, 2007 WL 3270769, at \*2. We conclude Devilbiss's issue relating to whether the trial court erred in assessing sanctions against him is independent of the issue of possession and may be considered on appeal. Thus, we will consider whether the trial court erred in assessing sanctions against Devilbiss.

After the trial court signed the judgment in this case, Devilbiss filed a motion to modify, correct or reform the judgment. In a conclusory fashion, Devilbiss asked the trial court "to reconsider [the] trial record and the judgment rendered in the context of the wording of Rules 11 and 63 of the T.R.C.P." On October 20, 2016, the trial court heard Devilbiss's motion. Devilbiss

---

[3] Because the supreme court has explained that the judgment of possession must be vacated under these circumstances, we deny Burch's motion to dismiss.

represented himself. At the end of the hearing, the trial court denied Devilbiss's motion. Burch's attorney then urged the trial court "to remember this case," and argued the following:

> This is taking up so much of my client's time, additional funds. If there's any further motions filed pro se, we ask that [Devilbiss] be held in contempt or that the Court find a suitable remedy, because it's taking up way too much time on a judgment that has already been rendered.

Eight days later, on October 28, 2016, the trial court held another motion for new trial hearing set by Devilbiss. That same day, Burch filed and set for hearing a motion for sanctions against Devilbiss. At the hearing, when presenting his motion for new trial, Devilbiss did not bring any new arguments. The trial court denied Devilbiss's motion for new trial. Burch's counsel then requested the motion for sanctions be granted and attorney's fees be awarded to Burch. The trial court granted Burch's motion for sanctions and awarded Burch $787.50 in attorney's fees.

With regard to the sanctions, Devilbiss argues he was denied due process because the motion for sanctions was filed the same day as the hearing and hand-delivered to him minutes before the hearing. Thus, he argues he was not properly provided notice and the trial court erred in granting the motion for sanctions. Devilbiss, however, failed to object to lack of notice or a violation of his due process rights at the hearing. Thus, he has waived any error on appeal. *See* TEX. R. APP. P. 33.1(a); *Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007) (explaining "proper method to preserve [appellant's] notice complaint was to bring the lack of adequate notice to the attention of the trial court at the hearing, object to the hearing going forward, and/or move for a continuance").

## CONCLUSION

We vacate the judgment in part and affirm in part. Because the issue of possession is moot, we vacate the trial court's judgment of possession. We affirm the judgment in all other respects.

Karen Angelini, Justice