

## NUMBER 13-17-00178-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CONSTANCE ANTHONY,                                       **Appellant,**

**v.**

SEASIDE RENTALS,                                            **Appellee.**

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Constance Anthony appeals from the county court's judgment of eviction. We affirm.

### I. BACKGROUND

On February 6, 2017, appellee Seaside Rentals (Seaside) filed a petition for

eviction against Anthony in the justice court, alleging that Anthony owed unpaid rent and was unlawfully holding over. A hearing was held in the justice court and a judgment of eviction was entered awarding Seaside damages for the unpaid rent and court costs. Anthony appealed the justice court's order to the county court. On April 5, 2017, the county court held a bench trial with both parties appearing pro se. The court heard testimony from both parties regarding the eviction proceedings.

Joan Zimmerman testified on behalf of Seaside. In her testimony to the court, she explained that Seaside had made a decision not to re-sign their contract with the Corpus Christi Housing Authority (CCHA) for the Section 8 Voucher Program; the contract expired December 21, 2016. She testified that the decision was for all residents using vouchers. The CCHA required that Seaside notify all tenants currently using the vouchers to afford them the opportunity to relocate, which Zimmerman testified Seaside did. Seaside is a private landlord and no longer contracts with CCHA to accept the Section 8 vouchers.

Zimmerman testified that Seaside gave Anthony more than 30 days' notice to vacate and relocate, which was more than required by the CCHA. She further testified that two letters of non-renewal were sent to Anthony through registered mail. Zimmerman explained that she communicated with the CCHA regarding notification of Anthony and that the CCHA stated it would notify Anthony, should she not receive the notices. Zimmerman stated that Seaside presented Anthony the opportunity to sign a lease with it directly, but she did not sign it. When Anthony did not vacate the premises at the expiration of her lease, Seaside filed a three-day notice to vacate in the justice court.

Anthony testified that she receives housing vouchers under what is commonly referred to as Section 8. At the time of trial, she resided in a property owned by Seaside,

though she testified that Seaside often changed its corporate identity and name. Her lease was through the voucher program. She also testified that she had a pending case of discrimination against the U.S. Department of Housing and Urban Development (HUD). Anthony explained that she did not believe she could be evicted while the case against HUD was pending because it would be considered retaliation.

Anthony stated that she did not receive a notice of the contract termination and that she still had vouchers to remain in the property, but that the CCHA tried to "make [her] come in for relocation." She did not have a hearing or any formal grievance process with the CCHA, which she believed she was entitled to.

On April 5, 2017, the county court signed a judgment of eviction against Anthony and ordered that the right of possession of the premises belonged to Seaside. No unpaid rent or attorney's fees were awarded. This appeal followed.

## II. FORCIBLE DETAINER AND MOOTNESS

As a preliminary matter, we address Seaside's argument that this appeal is moot. The only issue in a forcible-detainer action is the right to actual possession of the subject property; "the merits of the title shall not be adjudicated." *See Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather it is a determination of the right to immediate possession. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Therefore, although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the

3

property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id*. at 786–87; *see Wilhelm*, 349 S.W.3d at 768; *see also Cholick v. TSPC Bros., LLC*, No. 13-17-00622-CV, 2018 WL 1325795, at *1 (Tex. App.—Corpus Christi Mar. 15, 2018, no pet.) (mem. op.).

The record reflects that Anthony did not supersede the judgment; a writ of possession was executed on April 11, 2017; Anthony was evicted from the premises on April 14, 2017; and Anthony no longer has possession of the property at issue in the underlying forcible detainer action. Anthony's brief argues that: (1) the county court did not have jurisdiction, (2) the county court erred by not allowing appellant to exhaust her administrative remedies, (3) the eviction was a retaliation, (4) the county court erred by excluding evidence relating to wrongful eviction, (5) the county court's ruling was irrational, (6) the county court abused its discretion in rendering the judgment, and (7) this Court "has a justiciable interest" in the outcome of the underlying proceeding.

In light of her timely and clear expression of intent to appeal, Anthony's action in giving up possession did not moot her appeal so long as appellate relief was not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the apartment. *See Marshall*, 198 S.W.3d at 787. However, any appellate relief regarding the right to current possession here is futile. The lease governing the premises has expired. In the trial before the county court, Anthony stated that she still had valid vouchers to remain on the property extending "through 2018." There is no indication of any date beyond 2018 that Anthony would be entitled to possession of the property. Therefore, there was no live controversy as of that date. *See id*. Anthony presents no basis for claiming a right to possession after expiration of her

4

vouchers. *See id.* Even if Anthony is correct on the merits of the eviction suit, she would not be entitled to possession because her original lease term has already expired. *See id.* (explaining a judgment of possession in a forcible detainer action is not intended to be a determination of whether an eviction was wrongful, but rather a determination of the right to immediate possession). We conclude that Anthony's appellate issues two through six of are therefore moot; no controversy currently exists between the parties with regard to possession of the property. *See id.; see also* TEX. R. APP. P. 42.3(c); *Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *3 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.) (holding that appellant's issues relating to whether the eviction was wrongful were moot in an appeal of a forcible detainer action); *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue).

### III. JURISDICTION

By her first issue, appellant argues that the county court did not have jurisdiction. Specifically, she argues that she raised a federal question in her affirmative defenses which divested the county court of jurisdiction.

#### A. Standard of Review

Whether a court has subject-matter jurisdiction is a question of law, subject to de novo review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Subject-matter jurisdiction is fundamental and may be raised for the first time on appeal. *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

5

## B.  Applicable Law

A justice court in the precinct in which the property is located has jurisdiction over forcible detainer actions.  *See* TEX. PROP. CODE. ANN. § 24.004 (West, Westlaw 2017 through 1st C.S.).  The sole issue to be determined in a forcible detainer suit is the entitlement to actual and immediate possession.  *Marshall*, 198 S.W.3d at 787.  From the justice court, a forcible detainer suit may be appealed to the county court for a de novo review.  *See* TEX. R. CIV. P. 749; *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court.  *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Hong Kong*, 229 S.W.3d at 434; *see also In re Gallegos*, 13-13-00504-CV, 2013 WL 6056666, at *3 (Tex. App.—Corpus Christi Nov. 13, 2013, no pet.) (mem. op.).

Forcible detainer actions are cumulative of any other remedy that a party may have in the courts of this state.  *Salaymeh*, 264 S.W.3d at 436.  Forcible detainer suits in justice court may run concurrently with an action in another court—even if the other action involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit.  *Id*.

## C.  Analysis

Seaside brought a forcible detainer action in the justice court in the precinct where the real property at issue was located.  The justice court entered an order of eviction, from which Anthony properly appealed to the county court.  Anthony argues that her inclusion of a federal question in her affirmative defenses divested the county court of jurisdiction.  We disagree.  The county court was the appropriate appellate forum.  *See* TEX. R. APP.

6

P. 506; *Salaymeh*, 264 S.W.3d at 435. The county court had the jurisdiction to hear the forcible detainer action and to determine actual and immediate possession of the property. *Hong Kong*, 229 S.W.3d at 433–34. Anthony was free to pursue her separate claims in another court. *Salaymeh*, 264 S.W.3d at 436. Accordingly, the county court had jurisdiction to hear and determine possession of the property at issue. Anthony's first issue is overruled.

## IV. JUSTICIABLE INTEREST

By her seventh issue, Anthony contends that this Court has "a justiciable interest in the outcome of the underlying proceeding." Anthony, however, does not present any argument, authority, or support on this issue. *See* TEX. R. APP. P. 38.1(i). Anthony has failed to adequately brief this issue. Accordingly, we overrule Anthony's seventh issue.

## V. CONCLUSION

We affirm the judgment of the county court.

NORA L. LONGORIA
Justice

Delivered and filed the
24th day of January, 2019.